## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| RICHARD THOMAS CHILDS,<br>    *Plaintiff,*<br><br>     v.<br><br>BRIAN GROGAN,<br>    *Defendant.* | No. 3:22-cv-98 (VAB) |

### RULING AND ORDER ON MOTION TO DISMISS

Richard Thomas Childs ("Mr. Childs") filed this lawsuit against Brian Grogan ("Mr. Grogan"), a Sergeant in the Derby Police Department, alleging false arrest, unreasonable force, and malicious prosecution claims under § 1983 based on Mr. Grogan's alleged conduct during Mr. Childs's January 21, 2017 arrest. *See* Compl., ECF No. 1 (Jan. 19, 2022).

Mr. Grogan has moved to dismiss the Complaint as time barred. *See* Mot. to Dismiss, ECF No. 10 (Mar. 1, 2022).

For the following reasons, Defendant's motion to dismiss is **GRANTED** as to the false arrest and unreasonable force claims and **DENIED** as to the malicious prosecution claim.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Mr. Childs lives in Ansonia, Connecticut. Compl. ¶ 3. Mr. Grogan is currently a Sergeant with the Derby Police Department and in 2017, at the time of Mr. Childs's arrest, Mr. Grogan was an Officer with the Derby Police Department. *Id.* ¶ 4.

On January 21, 2017, Mr. Childs was allegedly driving his 2009 Honda Accord on Lafayette Street in Derby, Connecticut when Mr. Grogan allegedly pulled him over. *Id.* ¶¶ 6–7.

1

Mr. Grogan allegedly told Mr. Childs the stop was "investigatory" and proceeded to search Mr. Childs's person and car. *Id.* ¶ 7.

During the search, Mr. Grogan allegedly struck Mr. Childs several times on his left side allegedly without provocation or justification. *Id.* ¶ 8.

Mr. Childs was allegedly wrongfully charged with interfering with a police officer and tampering with evidence under Connecticut state law. *Id.* ¶ 9.

On December 18, 2020, both charges were allegedly nolled by the State's Attorney and, months later, were allegedly dismissed. *Id.* ¶ 10.

As a result, Mr. Childs suffered nondisplaced fractures to the left anterolateral third through fifth ribs, with side chest pain, shortness of breath, inability to sleep, emotional distress and anxiety. *Id.* ¶ 11.

### B.  Procedural History

On January 19, 2022, Mr. Childs filed a Complaint in this Court. *See* Compl.

On March 1, 2022, Mr. Grogan filed a motion to dismiss the Complaint and a memorandum of law in support. *See* Mot. to Dismiss, ECF No. 10; Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 10-1 ("Mot.").

On March 10, 2022, Mr. Childs filed an opposition to Mr. Grogan's motion to dismiss. *See* Pl.'s Mem. in Opp'n, ECF No. 11 ("Opp'n").

On March 11, 2022, Mr. Grogan filed a reply in response to Mr. Childs's opposition. *See* Reply to Pl.'s Opp'n, ECF No. 12 ("Reply").

On May 4, 2022, Mr. Childs filed a response to Mr. Grogan's reply. *See* Pl.'s Resp. to Def.'s Reply, ECF No. 13 ("Pl.'s Resp.").

On September 19, 2022, the Court issued an Order directing the parties to comply with Rule 26(f) and submit a joint report. *See* Order, ECF No. 14.

On October 3, 2022, the parties submitted a joint Rule 26(f) report. *See* Rep. of Rule 26, ECF No. 16.

On October 4, 2022, the parties submitted a joint notice of compliance. *See* Joint Notice of Compliance, ECF No. 17.

On October 5, 2022, the Court issued a Rule 26(f) scheduling order. *See* Order, ECF No. 18.

## II.    STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible."

3

*Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*,

589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court

takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views

the allegations in the light most favorable to the plaintiff and draws all inferences in the

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York

v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss

for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff,

accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review

"to the facts as asserted within the four corners of the complaint, the documents attached to the

complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy

v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider

"matters of which judicial notice may be taken" and "documents either in plaintiffs' possession

or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.,

Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp.

2d 140, 144 (D. Conn. 2005).

## III.   DISCUSSION

The statute of limitations for filing a claim under § 1983 in Connecticut is three years.

*Thompson v. Rovella*, 734 F. App'x 787, 788–89 (2d Cir. 2018); *see also Lounsbury v. Jeffries*,

25 F.3d 131, 134 (2d Cir. 1994) (analyzing available limitations periods and determining that

appropriate limitations period for § 1983 actions filed in Connecticut is three years). Federal law

controls when the cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007)

("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted).

Mr. Grogan argues that § 1983 claims are subject to a three-year statute of limitations and, because Mr. Childs's arrest took place in January of 2017, his false arrest and unreasonable force claims are barred by the statute of limitations. *See* Mot. at 4–6. Mr. Grogan argues that the statute of limitations began to run at the time of the arrest because that was when Mr. Childs's was detained "without legal process" and when Mr. Childs had reason to know of the injury that was the basis of the unreasonable force claim. *See id.* at 5–6.

In response, Mr. Childs argues that *Spak v. Phillips*, 857 F.3d 458 (2d Cir. 2017) held that false arrest and malicious prosecution claims do not accrue until the date the prosecutor entered the *nolle prosequi* and therefore, Mr. Childs's false arrest and malicious prosecution claims accrued on December 18, 2020. *See* Opp'n at 2–3.

In his reply, Mr. Grogan argues that *Spak* is inapplicable to false arrest claims because the court only addressed the statute of limitations of a malicious prosecution claim. *See* Reply at 1. Mr. Grogan re-emphasizes that the false arrest claim and the unreasonable force claim accrued on January 21, 2017. *See id.* at 1–2.

Finally, in response, Mr. Childs argues that *Spak* applies to both malicious prosecution and false arrest claims because lack of probable cause is a critical element for both claims under common law and § 1983. *See* Pl.'s Resp. at 2–3.

The Court agrees in part and disagrees in part.

An excessive force claim accrues at the time the force was used, *see, e.g.*, *Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *2 (2d Cir. Mar. 2, 2022); a false arrest claim accrues "at the time the claimant becomes detained pursuant to legal process," *Wallace*, 549 U.S. at 397; and a malicious prosecution claim accrues "when the prosecution terminates in the plaintiff's favor," which occurs when "the prosecution against the plaintiff has conclusively ended," such that "the underlying indictment or criminal information has been vacated and cannot be revived." *Spak*, 857 F.3d at 462, 464 (cleaned up).

Mr. Childs filed his Complaint on January 19, 2022, and therefore, his claims must have accrued by January 19, 2019 to be valid. Mr. Childs's excessive force claim is based on Mr. Grogan's alleged use of force during his January 21, 2017 arrest and therefore, this claim, filed more than five years later, is barred by the statute of limitations. Similarly, Mr. Childs's false arrest claim is barred by the statute of limitations because he was detained during his January 21, 2017 arrest. *See Wallace*, 549 U.S. at 389–90 (stating that claims for unlawful detention after the plaintiff begins the legal process are an "entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process" (internal quotation marks omitted)). Mr. Childs's malicious prosecution claim, however, may move forward because the prosecution "terminate[d] in [Mr. Childs's] favor" when the prosecution entered the *nolle prosequi* on December 18, 2020, *see Spak*, 857 F.3d at 463–64 ("[A] *nolle prosequi* constitutes a 'favorable termination' for the purpose of determining when a Section 1983 [malicious prosecution] claim accrues."), and the three-year statute of limitations period had not lapsed by the time this lawsuit was filed .

Accordingly, Mr. Grogan's motion to dismiss will be granted in part and denied in part.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** as to the false arrest and unreasonable force claims and **DENIED** as to the malicious prosecution claim.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of December, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE